UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-CV-81107-COHN/SELTZER

IRMA RUBESA,

    Plaintiff,

v.

BULL RUN JUMPERS, LLC,
an Illinois limited liability company,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

**THIS CAUSE** is before the Court upon the Defendant Bull Run Jumpers LLC's Motion for Judgment on the Pleadings as to Counts I-III of Plaintiff's Complaint [DE 28] ("Motion for Judgment on the Pleadings").  The Court has carefully reviewed the Motion for Judgment on the Pleadings, Defendant's Memorandum of Law in Support of its Motion for Judgment on the Pleadings [DE 29], Plaintiff's response [DE 32][1], Defendant's reply [DE 37], and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff is an amateur horseback rider who participates in show jumping on both the national and international level.  Defendant is a horse merchant that "holds itself out as being skilled in identifying and evaluating horses."  DE 1 at 7.  In 2008, Plaintiff sought to purchase a horse from Defendant.  Plaintiff told Defendant that the horse she

---

[1] On December 11, 2009, Defendant filed a motion to strike Plaintiff's response, DE 34, because Plaintiff's counsel failed to abide by the Court's instructions.  Specifically, Plaintiff's counsel failed to (1) file its response in a timely fashion and (2) failed to file the response, at least initially, by a member of this Court.  Nonetheless, the Court summarily denies the motion to strike.

sought would be used for "show jumping and preparatory classes at the national and international level" and that the horse "needed outstanding show jumping technique and the ability therefore." Id.  On December 26, 2008, Defendant sold Plaintiff a horse, Levico, for $235,000.  Id.  Although the parties never reduced their agreement to writing, Plaintiff "made enquiries about the horse to the Defendant's agents including, but not limited to, specifically if the horse was suitable for national and international show jumping.  The Plaintiff was told that the horse was suited for such level of performance."  Id. at 8.

Levico, however, "is not and has not been fit for show jumping and has not performed at the level intended or represented by the Defendant."  Id.  Levico "has been eliminated from competitions in show jumping events because of [his] unfitness." Id. at 8.  Consequently, Plaintiff filed her complaint in state circuit court ("Complaint").  See DE 1.  The Complaint asserts four counts: Action to Cancel Contract Because of Defendant's Misrepresentations (Count I)[2], Misrepresentation (Count II), Fraud in the Inducement (Count III), and Breach of Implied Warranty (Count IV).

On July 30, 2009, Defendant removed the action to this Court.  See DE 1 ("Notice of Removal").  The Notice of Removal asserts that this Court has subject matter jurisdiction over the parties' dispute pursuant to 28 U.S.C. § 1332(a). Specifically, Defendant asserts that it is an Illinois citizen because it is an Illinois Limited Liability Company with its principal place of business in Illinois whereas Plaintiff is a citizen "of a state, other than Illinois, and a resident of Palm Beach County, Florida."

---

[2]   The Court construes Count I as a claim for rescission.

Notice of Removal at 2.  Additionally, Plaintiff seeks the return of the $235,000 that Plaintiff paid for Levico.  Accordingly, the parties are citizens of different states and the amount in controversy exceeds $75,000.

On November 17, 2009, Defendant filed its Motion for Judgment on the Pleadings.  Defendant contends that Florida's economic loss rule bars Plaintiff's fraud and misrepresentation claims.  Defendant further contends that Plaintiff's rescission claim is not viable as a matter of law because Plaintiff has not stated any grounds to invoke the Court's equitable powers.

## II. DISCUSSION

### A. Legal Standard

Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts.  Douglas Asphalt Co. v. Qore, Inc., 541 F.3d 1269, 1273 (11th Cir. 2008).  A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim on which relief may be granted.  Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998).

A court shall grant a motion to dismiss for failure to state a claim on which relief may be granted where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action.  Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).  Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a complaint must contain "sufficient factual matter,

3

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. Accordingly, a well pleaded complaint will survive "even if it appears 'that a recovery is very remote and unlikely.'" Id. at 556 (quotation omitted).

### B. Count I of the Complaint States a Claim

#### 1. Rescission

Under Florida law, "[r]escission is an equitable remedy wherein the goal is to place the parties in the position that each enjoyed before the contract was executed." Belaire at Boca, LLC v. Ass'ns Ins. Agency, Inc., No. 06-80887-CIV, 2007 WL 1812218, at *4 (S.D. Fla. June 22, 2007) (citing Billian v. Mobil Corp., 710 So. 2d 984, 991 (Fla. Dist. Ct. App. 1998)). The Court has discretion to allow rescission based on the particular facts of a case. Id. To state a claim for rescission, a plaintiff must plead the following six elements: (1) the nature of the parties' relationship; (2) a contract; (3) fraud, mistake, false representations, impossibility of performance, or other grounds for rescission; (4) that the party seeking rescission actually rescinded the contract and notified the other party of the rescission; (5) if the plaintiff received benefits from the contract, she must allege that she made an offer to restore those benefits to the party furnishing them (if restoration is possible); and (6) no adequate legal remedy exists. Id.

Here, Defendant sets forth two arguments why Plaintiff fails to state a claim for

4

rescission. First, Defendant contends that the economic loss rule bars Plaintiff's rescission claim. Second, Defendant contends that Plaintiff has failed to allege that no adequate legal remedy exists.

### a. The Economic Loss Rule

The economic loss rule provides that unless a party suffers a personal injury or property damage, that party is "generally not entitled to initiate an action in tort to recover an economic loss." Sarkis v. Pafford Oil Co., Inc., 697 So. 2d 524, 527 (Fla. 1st DCA 1997) (citing Casa Clara Condo. Assoc., Inc. v. Charley Toppino & Sons, Inc., 620 So. 2d 1244 (Fla. 1993)). Defendant argues that the economic loss rule bars a claim for rescission. Rescission, however, is not an action in tort. Rescission is an equitable remedy. As such, the economic loss rule does not apply to Plaintiff's rescission claim. See Typhoon Int'l Corp. v. Comag Mktg. Group, LLC, No. 205CV320FTM29SPC, 2005 WL 3312338, at *4 (M.D. Fla. Dec. 7, 2005).

### b. Existence of Legal Remedy

"[A] court is rarely able to determine the adequacy of a remedy at law at the pleading stage of a case before the facts are developed." Billian v. Mobil Corp., 710 So. 2d 984, 991 (Fla. Dist. Ct. App. 1998). Consequently, "[a] ruling on the adequacy of the legal remedy is generally left until the end of a case, often after a jury renders a verdict on the entitlement to it." Id.; see also Belaire, 2007 WL 1812218, at *4 (declining to dismiss rescission claim because the determination of whether an adequate remedy at law exists is usually left until the end of a case).

Here, Count IV of Plaintiff's Complaint states a claim for breach of implied warranty. Stated differently, Plaintiff's complaint asserts a claim for a legal remedy.

Because the facts are not yet developed in this case, the Court cannot determine whether Count IV provides an adequate remedy at law.  The Court, therefore, will not dismiss Plaintiff's rescission claim.

### C. Counts II-III Fail to State a Claim

#### 2. Fraudulent Inducement

Under Florida law, to state a cause of action for fraud in the inducement, a party must establish the following elements: 1) a false statement regarding a material fact; 2) the person making the statement knew or should have known that the representation was false; 3) intent by the person making the statement to induce action or reliance; and 4) injury suffered because of justifiable reliance on the representation.  Biscayne Inv. Group, Ltd. v. Guar. Mgmt. Servs., Inc., 903 So. 2d 251, 255 (Fla. 3d DCA 2005) (citing Samuels v. King Motor Co., 782 So. 2d 489 (Fla. 4th DCA 2001)).  Although the Court finds that the Complaint states the elements necessary for a valid fraudulent inducement claim, the economic loss doctrine bars the claim.

The economic loss rule, as explained above, represents the proposition that "[i]n the absence of personal injury or property damage, a party is generally not entitled to initiate an action in tort to recover an economic loss."  Sarkis, 697 So. 2d at 527.  "This rule is based on the premise that parties to a contractual relationship have allocated their respective rights and remedies and consequently it is inappropriate to introduce tort remedies."  Id.  There are, however, certain torts which can succeed even where the parties have a contractual relationship.

"Where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from the acts that breached the contract."  HTP, Ltd.

6

v. Lineas Aereas Costarricenses, S.A., 685 So. 2d 1238, 1239 (Fla. 1996).  Fraudulent inducement is such an example because it is a tort independent of a breach of contract claim in that it "'requires proof of facts separate and distinct from the breach of contract.'"  Indemnity Ins. Co. v. Am. Aviation, Inc., 891 So. 2d 532, 537 (Fla. 2004) (quoting HTP, 685 So. 2d at 1239).  "[A] truly independent cause of action for fraudulent misrepresentation, where the ability of one party to negotiate fair terms is undermined by the other's fraudulent behavior, is not barred by the economic loss rule."  Hotels, 694 So. 2d at 77.  Nevertheless, not all claims for fraud in the inducement are exempt from the economic loss rule.  Indeed, "one cannot avoid the economic loss rule by merely labeling a claim as fraud in the inducement[;] the fraud must be separate and distinct from the breaching party's performance of the contract."  Medalie v. FSC Secs., Corp., 87 F. Supp. 2d 1295, 1305 (S.D. Fla. 2000) (citing Hotels of Key Largo, Inc. v. RHI Hotels, Inc., 694 So. 2d 74, 77 (Fla. 3d DCA 1997)).

The instant case is analogous to both Int'l Star Registry v. Omnipoint Marketing, LLC, 510 F. Supp. 2d 1015, 1025-26 (S.D. Fla. 2007) and Hotels of Key Largo, Inc. v. RHI Hotels, Inc., 694 So. 2d 74 (Fla. 3d DCA 1997).  In both International Star Registry and Hotels, the courts found that the economic loss rule barred the plaintiffs' claims for fraud in the inducement.  In Hotels, the parties entered into a licensing agreement whereby the plaintiffs would pay a licensing fee to become part of the defendants' hotel chain.  Hotels, 694 So. 2d at 75.  Before the plaintiffs signed the agreement, the defendants made numerous representations about how well plaintiffs' hotels would perform once the plaintiffs joined the hotel chain.  Id. at 76.  The court found that those representations were "interwoven and indistinct from the heart of the contractual

7

agreement." Id.  Further, the allegations contained in the fraudulent misrepresentation claim were no different than those the plaintiffs could have brought had the contract included a warranty of quality and performance.  Id.  Therefore, the claim was barred by the economic loss rule.  Id.; see also Int'l Star Registry v. Omnipoint Marketing, LLC, 510 F. Supp. 2d 1015, 1025-26 (S.D. Fla. 2007) (dismissing fraudulent inducement claim because the alleged misrepresentations related to the performance of the subject of the parties' contract).

In this case, the Complaint alleges that Defendant fraudulently induced Plaintiff to enter into an agreement to purchase Levico.  As in both International Star Registry and Hotels, the representations regarding Levico's performance go to the heart of the parties' contractual agreement.  See id.  The claim in Count III is therefore indistinguishable from the contractual claim Plaintiff asserts in Count IV.  The Court shall dismiss Count III of the Complaint.  Because amending the Complaint would be futile, the Court will not grant Plaintiff leave to amend.

### 3. Misrepresentation

As with claims for fraud in the inducement, a claim for misrepresentation can survive the application of the economic loss rule where the facts alleged in the tort claim are separate and distinct from those necessary to prove the breach of contract claim. See Tyco Safety Prods. Canada, Ltd. v. Abracon Corp., No. 08-80604-CIV, 2008 WL 4753728, at *3, (S.D. Fla. Oct. 28, 2008).  Here, however, as with Plaintiff's fraud in the inducement claim, the Court finds that the facts alleged in Count II of the Complaint are indistinguishable from those stated in the breach of contract claim.  See id.  Plaintiff has failed to establish that her claim for misrepresentation is an independent tort.  See id.

8

Therefore, Defendant's Motion to Dismiss shall be granted as to Count II of the Complaint because Count II is barred by the economic loss rule. Again, the Court shall not grant leave to amend because amendment would be futile.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Bull Run Jumpers LLC's Motion for Judgment on the Pleadings as to Counts I-III of Plaintiff's Complaint [DE 28] is **GRANTED IN PART AND DENIED IN PART**.

2. Count II (Misrepresentation) and Count III (Fraud in the Inducement) of the Complaint are **DISMISSED WITH PREJUDICE**.

3. Defendant's Motion to Strike Plaintiff's Response to Defendant's Motion for Judgment on the Pleadings [DE 34] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida on this 26th day of January, 2010.

JAMES I. COHN
United States District Judge

Copies provided to all counsel of record on CM/ECF.